ANTHONY GUERRERA *v.* W. J. MEGIN, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 4—decided December 1, 1943.

*Stephen K. Elliott,* with whom was Edward Mascolo, for the appellant (plaintiff).

*Thomas R. Robinson,* for the appellees (defendants).

JENNINGS, J. The finding and award, dated January 31, 1940, states the following facts: The plaintiff, a laborer, suffered a severe back injury on March 11, 1938, resulting in the fracture of the transverse processes of four lumbar vertebrae. On April 23, 1938, a voluntary agreement was approved providing for payments of $13.60 per week for total disability. Payments were made thereunder to January 27, 1939, when they were discontinued. Five hearings were held at which the parties appeared and were heard with their witnesses, including six doctors. The plaintiff was no longer totally disabled on January 27, 1939, but was suffering from a partial disability amounting

to 20 per cent. The plaintiff refused to cooperate in the attempts made to rehabilitate him and has refused to compromise or settle his claim although practically all the doctors agreed that cooperation in either respect would be of benefit to him. Compensation of $2.72 per week was awarded, as of January 27, 1939.

The appeal is defective in numerous respects. No motion was made to correct the finding of the commissioner. Practice Book, § 259. This is not merely a technical requirement. If the appellant claims that the finding is incorrect, the matter should first be called to the attention of the commissioner that he may have an opportunity to supply omitted facts or to restate findings in view of the claims made in the motion. As trier of the facts, his powers are much broader than those of the Superior Court. Conn. App. Proc., § 123. This opportunity for review is similar to that accorded the trial court in other cases. Practice Book, § 347. Failure to file this motion would, in itself, justify the dismissal of the appeal. *Atwood* v. *Connecticut Light and Power Co.*, 95 Conn. 669, 674, 112 Atl. 269.

It was not necessary for the Superior Court to require the certification of the evidence in the absence of a motion to correct the finding, but it did order that this be done to protect the substantial rights of the plaintiff. Practice Book, § 256. The court, having considered the evidence, found no reason to correct the finding and dismissed the appeal.

In his appeal from this judgment, the plaintiff filed two "reasons of appeal," rather than assignments of error as required by Practice Book, § 264. The first is addressed to the nonexistent motion to correct. The second is addressed to the overruling of the reasons of appeal to the Superior Court, only one of which could be considered a claim of law.

In spite of this unusual procedural history, the evidence has been reviewed here, as it was in the Superior Court. Because of the attitude of the plaintiff in failing to make sufficient effort to find work such as he could do, the commissioner was obliged to rely almost entirely on the medical testimony. The highest percentage of disability was testified to by a doctor selected by the plaintiff, and his estimate was accepted by the commissioner. This was permissible. *Rakiec* v. *New Haven Wrecking Co.*, 112 Conn. 432, 435, 152 Atl. 401.

The plaintiff claimed that the evidence showed that his failure to get more than three weeks' work was due to the fact that there was no work such as he could do which was reasonably available to him and that he was suffering from a neurotic condition which totally incapacitated him from doing any work whatever. The finding shows that both of these claims were considered by the commissioner and disallowed. Both were questions of fact and the refusal of the commissioner to accept the plaintiff's version cannot be disturbed. *Wilder* v. *Russell Library Co.*, 107 Conn. 56, 63, 139 Atl. 644; *Reilley* v. *Carroll*, 110 Conn. 282, 286, 147 Atl. 818; *Ferrara* v. *Clifton Wright Hat Co.*, 125 Conn. 140, 3 Atl. (2d) 842; *Rakiec* v. *New Haven Wrecking Co.*, supra; and see *Sullivan's Case*, 218 Mass. 141, 105 N. E. 463. The importance of emphatically calling these claims to the attention of the commissioner by a motion to correct is apparent. On the whole record, the case should not be remanded for that purpose after a lapse of five years. The trial court's action in dismissing the appeal was correct.

There is no error.

In this opinion the other judges concurred.