[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought pursuant to General Statutes § 31-249b by the plaintiff, Vinyl Technicians, from a grant of unemployment compensation benefits to Everett B. Swinyer ("claimant") by the, defendant, Administrator of the Unemployment Compensation Act ("Administrator").
The record reveals the following facts. By decision issued on May 13, 1991, the Administrator determined that the claimant was eligible for unemployment compensation benefits pursuant to Sections 31-236-20 and 31-236-21 of the Regulations of Connecticut State Agencies.
On May 30, 1991, the plaintiff filed an appeal to a referee pursuant to General Statutes § 31-241. Pursuant to General § 31-242, the referee conducted a de novo hearing and made findings of fact. By a decision issued October 28, 1991, the referee reversed the Administrator's determination that the claimant was eligible for unemployment compensation benefits. CT Page 10313
On November 7, 1991, the claimant filed a motion to reopen the decision of the referee. On November 19, 1991, the referee denied the motion. The referee forwarded the claimant's appeal to the Employment Security Board of Review ("Board") for it to consider the claimant's reasons requesting reversal of the referee's decision.
On January 8, 1992, the Board remanded the matter to the referee for further proceedings, stating that the claimant would have to explain his failure to request a postponement of the original hearing. In accordance with the Board's remand, a hearing was held on January 28, 1992. The referee withdrew the November 19, 1991 decision denying the motion to reopen and reopened the case. On March 4, 1992, the referee reversed his decision of October 28, 1991 and affirmed the Administrator's decision of May 13, 1991.
On March 20, 1992, the plaintiff appealed to the Board pursuant to General Statutes § 31-249. The Board adopted the findings of the referee and affirmed the March 4, 1992 decision of the referee. On October 14, 1993, the plaintiff filed this appeal pursuant to General Statutes § 31-249b.
General Statutes § 31-249b defines the power of a reviewing court in appeals of unemployment compensation decisions. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385 (1988). The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where the board of review adopts the findings and affirms the decision of the referee. Finkenstein v.Administrator, 192 Conn. 104, 112-13 (1984). Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically have followed from such facts. Id., 113. Although the court may not substitute its own conclusions for those of the referee, it retains the ultimate obligation to determine whether the administrative action was erroneous, arbitrary, illegal or an abuse of discretion. Id.
In its appeal, the plaintiff challenges the referee's finding that, pursuant to General Statutes § 31-236, the claimant did not CT Page 10314 leave work voluntarily and without sufficient cause connected with his work. The plaintiff has challenged this conclusion on both factual and legal grounds. The plaintiff further argues that the referee should have disqualified himself from hearing the matter on remand from the Board due to his prior involvement in the case.
The findings of fact found by the referee and subsequently adopted by the Board are, in pertinent part, as follows:
 2. The claimant worked for the employer as a management technician from January 9, 1991 to March 20, 1991.
 3. In late December 1990 or early January 1991, claimant made an agreement with his employer whereby he would be paid $5.00 per hour and would work from 7:00 a.m. until the last oil truck had come back to the employer's premises in the evening. That agreement also specified that the claimant was to be paid one and one-half times his normal wage rate for any hours worked over forty in a given week.
 4. The agreement which the claimant made with his employer in late December 1990 or early January 1991 pertained to his period of employment that began on January 9, 1991.
 5. During the claimant's tenure of employment, he repeatedly complained to the owner of the employer business, Jeffrey Suntup, that he was being required to work too many hours.
 6. When the claimant complained to Mr. Suntup about his hours of work, Mr. Suntup told the claimant that he just had to deal with those hours of work.
 7. Shortly before the claimant's separation from employment, Mr. Suntup issued the claimant a written warning for his failure to shut off one of the employer's radios on a certain day.
 8. The claimant quit his job on March 20, 1991 because: (a) he felt that he was being asked to work too many hours per week, and (b) he believed that he should not have received the written warning regarding the radio.
 9. During the claimant's previous period of employment with the employer, in 1990, the claimant worked 25-50 hours CT Page 10315 per week.
 10. During the claimant's most recent period of employment with the employer (1/91 to 3/91), the claimant was required to work at least 60 hours in a week on at least three occasions.
 11. When the claimant made the agreement with the employer in December 1990 or January 1991 regarding his hours of work, he had not expected to work as many hours as he did.
The plaintiff challenges the referee's decision on factual grounds and relies on facts not found by the referee concerning the nature of the claimant's contract of employment and his employment history. The factual findings of the referee may not be challenged without first complying with Practice Book § 515A. See Guerrera v. W. J. Megin, Inc., 130 Conn. 423, 425 (1943). Section 515A requires the plaintiff to file a motion to correct the findings of the referee within the prescribed two week period, absent an extension. The plaintiff did not avail himself of this process. Thus, the referee's findings of fact are not subject to review by this court.
The plaintiff challenges the referee's conclusion that the claimant had sufficient cause connected with his employment to leave it within the meaning of General Statutes §31-236(a)(2)(A)(i). General Statutes § 31-236(a) provides, in pertinent part, as follows:
 An individual shall be ineligible for [unemployment compensation] benefits . . . (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, until such individual has earned at least ten times his benefit rate, provided . . ., no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer, . . .
The referee found that the claimant had sufficient cause connected with his employment to justify the defendant's leaving his employment. This was based on the factual finding that the defendant, contrary to his expectations when he accepted the job, was required to work at least 60 hours in a week on at least three occasions in a three month period. CT Page 10316
General Statutes § 31-236(a)(2)(A)(i) has been interpreted by the Board to allow a claimant a reasonable trial period within which to determine if the accepted employment is commensurate with the claimant's initial expectations or is otherwise suitable to him. See, e.g., Smallwood v. Reid Thunberg Company, Case. No. 169-87-BR-2552-B-86 (1987). Under this doctrine, a claimant remains eligible for benefits when he terminates his own employment due to hours and conditions of employment which substantially differ from his initial expectations. Id. The Board has held that a trial period of three months is not an unreasonable length of time within which to reach a decision regarding the suitability of particular employment. Lavasseur v.ABC Film Corporation, Case No. 2499-81-BR-1526-B-81 (1982).
The referee's conclusion results from a correct application of the law to the facts and could reasonably and logically follow from such facts. See United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 385.
The plaintiff further argues that this case should be dismissed because the referee who heard the case after the Board's remand failed to recuse himself. The plaintiff argues that because the referee was required to make a decision regarding this case on three separate occasions, he was unable to maintain his objectivity.
General Statutes § 31-242 provides, in pertinent part, that "[n]o referee shall hear an appeal if he has any interest in the proceeding or in the business of any party to the proceeding." Regs., Conn. State Agencies Regulations § 237g-24(a) extends the requirement of disqualification to situations where the referee has an interest "in the business of any attorney or authorized agent for such party." A challenge to the interest of a referee may be made by any party to the proceeding. General Statutes § 31-242.
Challenges to the interest of a referee may be made directly to the referee, either orally or in writing, by way of a request to the referee to disqualify himself. Regs., Conn. State Agencies § 31-237g-24(b). The regulations require that the request be made "as soon as the alleged interest on the part of the Referee is reasonably discoverable, and in all cases, prior to the mailing of the Referee's decision on the appeal." Id. CT Page 10317
In the present case, the plaintiff failed to file a request challenging the interest of the referee at the time the case was remanded to the referee. The plaintiff was given actual notice that the referee who had previously heard the case would be assigned to it on remand.
Furthermore, the plaintiff failed to file a request prior to the mailing of the referee's decision. Because the plaintiff did not file a timely request for disqualification, the plaintiff has waived his right to challenge the interest of the referee.
Based on the foregoing, the plaintiff's appeal from the decision of the Board is dismissed.
Hendel, J.