## PAUL REEDER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
### (AC 25259)

Dranginis, DiPentima and Gruendel, Js.

Argued February 22—officially released April 19, 2005

*Paul Reeder*, pro se, the appellant (plaintiff).

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Paul Reeder, appeals from the judgment of the trial court dismissing his

appeal from the decision of the board of review of the employment security appeals division for the department of labor (board). The board affirmed the decision of the defendant administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., determining that the plaintiff is ineligible for unemployment compensation benefits. On appeal, the plaintiff claims that the court improperly affirmed the decision of the board because the record has not been certified as complete and accurate. More specifically, the plaintiff claims that the testimony given at the hearing was hearsay. We affirm the judgment of the trial court.

The appeal arises out of the plaintiff's part-time employment as a mail room clerk by the defendant American-Republican, Inc., the publisher of the Waterbury Republican-American, where he had been employed from March 27, 1996, until April 29, 2003, when he was discharged. The plaintiff filed a claim for unemployment compensation benefits. The administrator found that the plaintiff had been discharged for wilful misconduct for failure to follow an order given by his supervisor and was, therefore, ineligible for benefits. The administrator's decision was upheld by an appeal referee and the board. Thereafter, the plaintiff appealed to the Superior Court, which dismissed the appeal. Although the plaintiff claims that the record is inaccurate, he failed to file a motion to correct the record.

"[R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or

questions of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, 265 Conn. 413, 417, 828 A.2d 609 (2003).

"Practice Book § 515 [now § 22-4] provides the mechanism for the correction of the board's findings. If the appellant desires that the findings be corrected, the appellant must, within two weeks of the filing of the record in the Superior Court, file with the board a motion for correction of the findings." *Calnan* v. *Administrator, Unemployment Compensation Act*, 43 Conn. App. 779, 784, 686 A.2d 134 (1996).[1] Filing a motion to correct is a prerequisite to any challenge to the board's decision. Id., 785. The plaintiff's failure to file a timely motion for correction of the board's findings pursuant to Practice Book § 22-4 prevents this court from reviewing facts found by the board. See *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 422.

The judgment is affirmed.

---

[1] Practice Book § 22-4 provides in relevant part: "If the appellant desires to have the finding of the board corrected he . . . must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he . . . deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he . . . may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. . . ."