CRYSTAL M. SHAH *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 26998)

Gruendel, Beach and Peters, Js.

Submitted on briefs February 6—officially released May 5, 2009

*Richard Blumenthal*, attorney general, and *Laurie Adler* and *William J. McCullough*, assistant attorneys general, filed a brief for the appellant (named defendant).

*Susan Nofi-Bendici*, principal attorney, filed a brief for the appellant (intervening defendant employment security board of review).

*Opinion*

GRUENDEL, J. The defendant administrator of the Unemployment Compensation Act appeals from the judgment of the Superior Court sustaining the plaintiff's[1] appeal from the determination by the employment security board of review (board) denying the plaintiff, Crystal M. Shah, unemployment compensation benefits. On appeal, the defendant[2] claims that the court improperly concluded that the plaintiff complied with the requirements of Practice Book § 22-4.[3] We agree and,

[1] Although the plaintiff, Crystal M. Shah, filed a pro se appearance in this appeal, she has not filed an appellate brief.

[2] The plaintiff's employer, the Connecticut Conference of Municipalities, was a defendant at trial but is not involved in this appeal. We refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

[3] The defendant also claims that the court (1) improperly permitted the introduction of evidence outside of the administrative record, (2) exceeded the scope of the issues raised by the plaintiff in reviewing, sua sponte, the board's denial of the plaintiff's motions to open and for an evidentiary hearing and (3) improperly reversed the decision of the board denying the motion to open. We do not address those issues in light of our resolution of the defendant's principal claim.

accordingly, reverse the judgment of the Superior Court.

On January 5, 2004, the plaintiff resigned from her employment as a file clerk with the Connecticut Conference of Municipalities (employer). Her resignation letter stated in relevant part that "[d]ue to a condition in my neck called Lipona, it is becoming increasingly difficult for me to meet the physical demands (mail matching, file straightening, etc.) of the file room. At this time, I wish to pursue a job utilizing my computer skills full time." The plaintiff thereafter filed a claim for unemployment compensation benefits, which the defendant approved. From that determination, the employer timely appealed. Following a hearing at which the plaintiff testified and submitted evidence, the appeals referee reversed the determination of the defendant, concluding that the plaintiff was disqualified from receiving benefits. Specifically, the referee found that the plaintiff had not informed the employer of her medical restrictions prior to resigning, thereby failing to adequately explore alternatives to resignation. In addition, the referee credited the testimony of the employer's human resource manager that "after receiving the [plaintiff's] resignation letter indicating medical reasons, she offered the [plaintiff] accommodations in order to remain employed and the [plaintiff] refused."

The plaintiff appealed from that decision to the board on April 19, 2004. She described her reason for appeal as follows: "I do not agree with the [r]eferee's decision because the employer succeeded in confusing the referee through lies and manipulation of the facts during the hearing." The plaintiff further requested the "chance

In addition, we note that subsequent to the commencement of this appeal, the board filed a motion to intervene pursuant to General Statutes § 31-249c, which this court granted. The board concurs with the defendant's contention that the court wrongly determined that the plaintiff had complied with Practice Book § 22-4.

to exercise my rights to seek legal advice in this case and to request access to my employee file . . . in search of more evidence." In addition, she submitted a written argument to the board, alleging factual similarity between her case and a published decision of the board. By decision dated June 2, 2004, the board denied the plaintiff's request for an evidentiary hearing "because she has failed to show, pursuant to § 31-237g-40 of the Regulations of Connecticut State Agencies, that the ends of justice require that the board receive additional evidence or testimony in order to adjudicate the appeal." The board further affirmed the decision of the referee: "[W]e find that the [plaintiff's] leaving her job was premature and that she could have explored alternatives to preserve her employment. We thus conclude that the [plaintiff] left her job without good cause attributable to the employer pursuant to General Statutes § 31-236 (a) (2) (A). The parties have not offered any argument in support of or in opposition to the appeal that would disturb the referee's findings of fact. We further find that the findings are supported by the record, and that the conclusion reached by the referee is consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act [General Statutes § 31-222 et seq.]. Accordingly, we adopt the referee's findings of fact and decision as modified in this section. We specifically add the following finding of fact: 'Where positions become available, the employer generally promotes its employees from within. The [plaintiff] could have applied for work in the employer's clerical department for positions including receptionist [and] word processor . . . . The week that the [plaintiff] left her job, the employer promoted one of her coworkers in the clerical department.' " On June 8, 2004, the plaintiff filed a motion to open the decision of the board on the ground of new evidence. The board denied that motion on August 27, 2004, finding that the allegedly new evidence was discoverable

at the time of the referee's hearing and was not likely to alter the outcome of the case.

The plaintiff appealed from the board's decision to the Superior Court on August 30, 2004. The court conducted a hearing on the matter on June 24, 2005, at which it heard argument from the plaintiff and the board. In its September 21, 2005 memorandum of decision, the court acknowledged that Practice Book § 22-4 required the plaintiff to file a motion to correct findings as a condition precedent to her challenge to the board's findings before the Superior Court.[4] At the same time, the court emphasized that the plaintiff was appearing pro se. In addition, the court invoked Practice Book § 1-8, which provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." In light of the plaintiff's pro se status, the court concluded that "the ends of justice will be met by treating [the plaintiff's motion to open] as a motion to correct the findings." The court thus sustained the plaintiff's appeal and remanded the matter to the board with instruction "to grant the motion to open and to allow the plaintiff a reasonable time within which to obtain an attorney as well as access to her personnel file, prior to a de novo hearing." This appeal followed.

The defendant claims that the court improperly concluded that the plaintiff complied with the requirements of Practice Book § 22-4 by filing her June 8, 2004 motion to open the decision of the board. Our review of the court's interpretation of a rule of practice is plenary.

---

[4] Practice Book § 22-4 provides in relevant part that "[i]f the appellant desires to have the finding of the board corrected he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding . . . ."

*Travelers Property & Casualty Co.* v. *Christie,* 99 Conn. App. 747, 757, 916 A.2d 114 (2007).

Our analysis begins with the seminal case of *Calnan* v. *Administrator, Unemployment Compensation Act,* 43 Conn. App. 779, 686 A.2d 134 (1996), in which this court addressed noncompliance with the rule of practice now at issue. The court explained that "appeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are controlled by General Statutes § 31-249b. Section 31-249b specifically provides that any finding of the board 'shall be subject to correction only to the extent provided by section 519 [now § 22-9] of the Connecticut Practice Book. . . .' Practice Book § 519 (a) specifies that the trial court 'does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . .' Practice Book § 515A [now § 22-4] provides the mechanism for the correction of the board's findings. If the appellant desires that the findings be corrected, the appellant must, within two weeks of the filing of the record in the Superior Court, file with the board a motion for correction of the findings." *Calnan* v. *Administrator, Unemployment Compensation Act,* supra, 783–84. The court held that the timely filing of a motion for correction is "a necessary prerequisite to a challenge to the board's decision." Id., 785. Because the plaintiff failed to comply with that prerequisite, she could not challenge the board's findings on appeal to the Superior Court. Id.

Our Supreme Court ratified that precedent in *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, 265 Conn. 413, 422, 828 A.2d 609 (2003), concluding that a plaintiff's "failure to file a timely motion for correction of the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board." See also *Guerrera* v. *W. J. Megin, Inc.*, 130 Conn. 423, 425, 34 A.2d 873 (1943). Likewise, this court has relied on *Calnan* in concluding that the plaintiff's failure to file a timely motion for correction was determinative of the appeal. *Reeder* v. *Administrator, Unemployment Compensation Act*, 88 Conn. App. 556, 558, 869 A.2d 1288, cert. denied, 275 Conn. 918, 883 A.2d 1245 (2005); *Chavez* v. *Administrator, Unemployment Compensation Act*, 44 Conn. App. 105, 106–107, 686 A.2d 1014 (1997). It is undisputed that the plaintiff did not file a motion for correction of the board's findings in the present case.

The allegations raised by the plaintiff in her appeal to the Superior Court pertain solely to the board's factual findings. In its memorandum of decision, the court characterized the issues presented as follows: "[The plaintiff] cites three reasons as the basis for her appeal. First, [she] alleges that the board did not understand the nature of her job requirements. . . . [Her] second reason for appealing . . . is that she believes that her employer provided false and misleading information to the board and she 'would like a credibility determination on her employer.' As the third reason for the appeal, [the plaintiff] states that she has 'evidence that the board may have biased and prejudiced beliefs about the type of work . . .' that she performs." Because those allegations concern the findings of the board, they are not subject to further review absent a timely motion for correction pursuant to Practice Book § 22-4. The court thus lacked authority to consider the plaintiff's challenge to the board's findings.

Although we are mindful of our policy to be solicitous of pro se litigants; see, e.g., *Shobeiri* v. *Richards*, 104 Conn. App. 293, 296, 933 A.2d 728 (2007); "such policy is applicable only when it does not interfere with the rights of other parties. Although our courts allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Mercer* v. *Cosley*, 110 Conn. App. 283, 294 n.9, 955 A.2d 550 (2008). As this court recently noted, "[f]or justice to be done . . . any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 107 Conn. App. 507, 513, 946 A.2d 252, cert. denied, 289 Conn. 902, 957 A.2d 870 (2008). Significantly, this court repeatedly has held that a pro se litigant's failure to file a motion for correction precludes further review of the board's findings by the Superior Court. *Reeder* v. *Administrator, Unemployment Compensation Act*, supra, 88 Conn. App. 558; *Calnan* v. *Administrator, Unemployment Compensation Act*, supra, 43 Conn. App. 785. The record reveals that the plaintiff never alleged that her motion to open constituted compliance with Practice Book § 22-4; rather, that novel proposition first surfaced in the court's September 21, 2005 memorandum of decision. As a result, the defendant was deprived of notice and an opportunity to be heard on that issue.

In attempting to accommodate the plaintiff's pro se status, the court disregarded binding precedent and the mandate of our rules of practice. This case is controlled by *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 413, and *Calnan* v. *Administrator, Unemployment Compensation Act*, supra, 43 Conn. App. 779. Because the plaintiff

failed to file a motion for correction as required by Practice Book § 22-4, further review of her appeal is precluded.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.