LIRI BELICA *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT
(AC 32020)

Beach, Alvord and Mihalakos, Js.

Argued November 18, 2010—officially released March 1, 2011

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* former attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellant (defendant).

*Liri Belica,* pro se, the appellee (plaintiff).

BEACH, J. The defendant administrator of the Unemployment Compensation Act appeals from the judgment of the Superior Court sustaining the appeal by the plaintiff, Liri Belica, from the determination of the employment security board of review (board) denying the plaintiff unemployment compensation benefits. On appeal, the defendant claims that the court erred in holding that a motion to reopen the board's decision should have been treated as a motion to correct the findings of the board pursuant to Practice Book § 22-4.[1] We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On April 7, 2008, the plaintiff sustained an injury during the course of his employment and began collecting workers' compensation benefits during an ensuing leave of absence. While the plaintiff was on the leave of absence, his employer obligated him to follow a treatment plan, which required him to attend two physical therapy sessions per week in addition to several independent medical examinations (examinations).[2] The workers' compensation carrier of his employer mailed the plaintiff three separate certified notices to attend examinations on June 17, July 15 and August 27, 2008. The plaintiff, however, failed to attend any of the three scheduled examinations. He claimed that he did not receive any mail notifications and that he did not consider the examinations to be a part of the treatment

---

[1] The defendant also claims that the trial court erred in holding that the board lacked jurisdiction to hear the employer's late appeal and that the defendant had a duty to provide to the court a transcript of the hearings in the absence of the filing of a motion to correct. Because we reverse the judgment of the court on other grounds, we do not address these claims.

[2] The purpose of the examinations was to evaluate the plaintiff's healing progress in an effort to return him to regular or light duty work as early as medically possible.

plan.[3] The plaintiff also alleged that he spoke to Robin Barrows, a representative of the workers' compensation carrier of his employer, on multiple occasions and could not recall if she told him to attend any of his scheduled examinations.

On October 8, 2008, the day after his leave of absence had expired, the plaintiff's employment was terminated as a result of his failure to attend the scheduled examinations.[4] The plaintiff thereafter filed a claim for unemployment compensation benefits. On November 24, 2008, the defendant denied the plaintiff's claim. It concluded that his failure to attend the scheduled examinations constituted wilful misconduct. The plaintiff appealed from the decision of the defendant to the appeals referee. Hearings were held on December 17, 2008, and January 7, 2009. The appeals referee reversed the decision of the defendant, concluding that the plaintiff was entitled to receive benefits. Specifically, the referee found that the employer failed to establish that the plaintiff received the mail notifications of the scheduled examinations or that the examinations were part of the plaintiff's treatment plan.

The defendant appealed from that decision to the board on January 27, 2009. On March 27, 2009, the board issued a decision sustaining the defendant's appeal. In its decision, the board adopted the referee's findings of fact and made several additional factual findings.[5]

---

[3] The employer mailed the plaintiff a letter on April 17, 2008, reminding the plaintiff to attend all of his scheduled medical appointments to assure that his "benefits are not put in jeopardy."

[4] In its decision, the board found that "[the plaintiff's] leave time had expired and the employer had not received any medical documentation indicating that he was able to return to work and perform the essential functions of his position. If [the plaintiff] had complied with the requirement of the workers' compensation carrier that he attend the scheduled examinations, the employer would have assessed whether it could accommodate [the plaintiff] with any restrictions, or it would have extended [his] leave."

[5] Appeals in the context of the Unemployment Compensation Act, General Statutes § 31-222 et seq., are unique in that the board is not bound by the factual findings of an appeals referee. General Statutes § 31-249 provides

First, the board determined that the examinations were a part of the plaintiff's treatment plan and that the plaintiff should have known this because he previously collected workers' compensation benefits and was familiar with the requirement that he submit to the examinations. Second, the board found that during a telephone conversation with Barrows, the plaintiff was informed that he was required to attend an appointment for an examination. Finally, the board found that in addition to the certified mail notifications sent to the plaintiff by the workers' compensation carrier of the employer, a third party provider also mailed the plaintiff notifications of the three scheduled examinations. On the basis of these factual findings, the board determined that the plaintiff's failure to attend the examinations was deliberate and constituted wilful misconduct; thus, he was not entitled to receive benefits. On April 27, 2009, the plaintiff filed a motion to reopen the board's decision, which the board denied on June 19, 2009. The plaintiff did not file a motion to correct the findings of the board.

The plaintiff appealed from the board's decision to the Superior Court on August 5, 2009. The court conducted a hearing on December 29, 2009, at which it heard arguments from the plaintiff and the defendant.[6] In its February 9, 2010 memorandum of decision, the court acknowledged the defendant's argument that in the absence of the filing of a motion to correct pursuant to Practice Book § 22-4,[7] the court was obligated to

in relevant part: "In any case in which the board modifies the referee's findings of fact or conclusions of law, the board's decision shall include its findings of fact and conclusions of law." The board, therefore, is statutorily authorized to be the ultimate finder of fact.

[6] The employer did not participate in the appeal to the trial court.

[7] Practice Book § 22-4 provides in relevant part: "If the appellant desires to have the finding of the board corrected he or she must, within two weeks after the record has been filed in superior court . . . file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for . . . ."

accept the board's factual findings. The court disagreed, however, and concluded that the plaintiff's motion to reopen the judgment of the board was a valid substitute for a motion to correct. The court reasoned that "[f]ollowing the mailing of the board's decision, the [plaintiff] filed a timely motion to reopen the decision. . . . To conclude [that] the [plaintiff] did not file a motion for correction of the findings as the [defendant] urges this court to so find given the inclusion in the certified record of the [plaintiff's] motion to reopen . . . is to deny the existence of that document and to exhalt form over substance." (Citation omitted; internal quotation marks omitted.) The court then determined that, on the basis of the record, the board abused its discretion in determining that the plaintiff received notice of the scheduled examinations. The court thus sustained the plaintiff's appeal and remanded the matter to the board with instruction to "remand the case to a referee for a hearing consistent with the record certified to [the] court by the board." This appeal followed.[8]

On appeal, the defendant claims that the court erred in concluding that the plaintiff's filing of a motion to

---

[8] As a preliminary matter, the defendant argues that the court's ruling is a final judgment from which he is entitled to appeal. Our Supreme Court has stated: "Under our existing case law, we have distinguished . . . between two kinds of administrative remands. A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. . . . A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication." (Citations omitted.) *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 410, 521 A.2d 566 (1987).

The present case falls within the classification of administrative remands in which an administrative ruling was held to be in error and further administrative proceedings are necessary on that very issue. Accordingly, we conclude that the decision of the court is a final judgment for the purpose of this appeal.

reopen the decision of the board was a valid substitute for a motion to correct findings pursuant to Practice Book § 22-4. The defendant argues that Practice Book § 22-4 obligated the court to accept the findings of the board. We agree.

We begin by setting forth our standard of review. "[R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts." (Citation omitted; internal quotation marks omitted.) *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act,* 265 Conn. 413, 417–18, 828 A.2d 609 (2003).

This court's decision in *Calnan* v. *Administrator, Unemployment Compensation Act,* 43 Conn. App. 779, 686 A.2d 134 (1996), controls the issue before us. In *Calnan,* we stated that "appeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are controlled by General Statutes § 31-249b. Section 31-249b specifically provides that any finding of the board shall be subject to correction only to the extent provided by section 519 [now § 22-9] of the Connecticut Practice Book. . . . Practice Book § 519 (a) [now § 22-9 (a)] specifies that the trial court does not retry the facts or hear evidence. It considers

no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . Practice Book § 515A [now § 22-4] provides the mechanism for the correction of the board's findings. If the appellant desires that the findings be corrected, the appellant must, within two weeks of the filing of the record in the Superior Court, file with the board a motion for correction of the findings." (Internal quotation marks omitted.) *Shah* v. *Administrator, Unemployment Compensation Act*, 114 Conn. App. 170, 175, 968 A.2d 971 (2009), quoting *Calnan* v. *Administrator, Unemployment Compensation Act*, supra, 783–84.

Our Supreme Court has adopted this rule, stating that a plaintiff's "failure to file a timely motion for correction of the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board." *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 422. This court has relied on *Calnan* multiple times in concluding that a plaintiff's failure to file a timely motion to correct the board's findings pursuant to Practice Book § 22-4 was dispositive of the appeal. See *Shah* v. *Administrator, Unemployment Compensation Act*, supra, 114 Conn. App. 175–77; *Reeder* v. *Administrator, Unemployment Compensation Act*, 88 Conn. App. 556, 869 A.2d 1288, cert. denied, 275 Conn. 918, 883 A.2d 1245 (2005); see also *Chavez* v. *Administrator, Unemployment Compensation Act*, 44 Conn. App. 105, 686 A.2d 1014 (1995) (motion to correct required under *Calnan* to challenge board's findings on appeal).

In the present case, the plaintiff's appeal to the Superior Court challenged only the board's factual determinations. In his appeal to the Superior Court, the plaintiff

claimed that there was no evidence in the record to support the board's finding that Barrow informed him over the telephone that he was required to attend an examination, that a letter introduced into evidence was unreliable and that the employer's reason for discharging him was pretextual. Because those allegations involve findings of the board, the court lacked authority to consider the plaintiff's challenge to those findings in the absence of a timely motion to correct pursuant to Practice Book § 22-4. Accordingly, because the plaintiff failed to file a timely motion to correct, the court did not have the authority to consider the plaintiff's challenge of the board's findings.

This court recently has stated that it has "always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . . *For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice.*" (Emphasis in original; internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction,* 107 Conn. App. 507, 512–13, 946 A.2d 252, cert. denied, 289 Conn. 902, 957 A.2d 870 (2008). Although the court attempted to afford the plaintiff some leeway as a pro se litigant, the fact remains that he failed to file a motion to correct pursuant to Practice Book § 22-4.[9] Accordingly, the court did not appropriately consider the plaintiff's challenge of the board's findings.

---

[9] The insistence on the filing of a motion to correct is not a mere matter of vocabulary. A motion to correct requires the filing of, among other things, "such portions of the evidence as [the appellant] deems relevant and material to the corrections asked for, certified by the stenographer who took it . . . ." Practice Book § 22-4. A motion to correct, therefore, with the appropriate

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

attachments, triggers the process of presenting factual issues in an orderly manner.