******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BLOSSOM'S ESCORT, LLC *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 40041)

DiPentima, C. J., and Alvord and Beach, Js.

*Syllabus*

The plaintiff appealed to the trial court from the decision of the Employment
Security Board of Review affirming the decision of an appeals referee,
which affirmed the decision of the defendant Administrator of the Unem-
ployment Compensation Act that the plaintiff was liable for certain
unpaid unemployment compensation contributions under the Unem-
ployment Compensation Act (§ 31-222 et seq.). The plaintiff provided
flag escort services for oversized vehicles and assigned requests for such
services to various contractors. In March, 2008, P, who had performed
as an escort vehicle operator for the plaintiff, filed a complaint with the
administrator claiming that the plaintiff had failed to pay him appropriate
unemployment compensation benefits. Because the plaintiff had not
reported wages for P, the administrator conducted an audit for the
applicable period from January 1, 2006 through December 31, 2007. In
2008, an amendment (Public Acts 2008, No. 08-150) to the statute ([Rev.
to 2007] § 31-222 (a) (5) (O)] that sets forth the types of services that
are exempt from the definition of employment under § 31-222 took effect,
which, under certain circumstances, exempted services performed by
operators of escort vehicles. The amendment became effective June 12,
2008. By a determination letter dated July 7, 2008, the administrator
concluded that the plaintiff employed P and several others during the
audit period within the terms of § 31-222 and, thus, that the plaintiff
potentially owed $ 26,812.05 plus interest for unpaid unemployment
compensation contributions. After the trial court remanded the matter
to the board to make factual findings concerning the applicability of
the amendment to the statute and further proceedings before the admin-
istrator and board were held consistent with the remand order, the trial
court rendered judgment dismissing the plaintiff's appeal, from which
the plaintiff appealed to this court. The plaintiff claimed that the trial
court improperly concluded that the amendment to § 31-222 (a) (5) (O)
was inapplicable to the present case. *Held* that the trial court properly
dismissed the plaintiff's appeal from the board's decision; because the
audit period predated the June 12, 2008 effective date of the amendment,
the exemption contained in P.A. 08-150 could not be applied to the
plaintiff's drivers during the audit period, and although the administrator
informed the plaintiff of its liability for unemployment compensation
benefits following the effective date of P.A. 08-150, the date of the
determination letter did not trigger the application of the amendment,
as the audit period referenced in the determination letter was the time
frame during which the named individuals provided services and was
therefore the time period during which the plaintiff's obligation to make
unemployment compensation contributions arose, and that obligation
under § 31-222 existed until the legislature amended it.

Argued March 14—officially released August 28, 2018

*Procedural History*

Appeal from the decision of the Employment Security
Board of Review affirming the named defendant's deci-
sion that the plaintiff was liable for unpaid unemploy-
ment compensation contributions, brought to the
Superior Court in the judicial district of Hartford and
tried to the court, *Hon. Henry S. Cohn*, judge trial
referee; judgment dismissing the appeal, from which
the plaintiff appealed to this court. *Affirmed.*

*Jeffrey J. Holley*, for the appellant (plaintiff).

*Richard T. Sponzo*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Blossom's Escort, LLC, appeals from the judgment of the trial court, rendered in favor of the defendant, the Administrator of the Unemployment Compensation Act (administrator), dismissing the plaintiff's appeal from the decision of the Employment Security Appeals Division, Board of Review (board), affirming the decision of the appeals referee, which affirmed the decision of the administrator that the plaintiff was liable for unpaid unemployment compensation contributions under the Unemployment Compensation Act (act), General Statutes § 31-222 et seq. On appeal, the plaintiff claims that the court improperly affirmed the decision of the board because a then recent statutory amendment, General Statutes (Rev. to 2007) § 31-222 (a) (5) (O), as amended by No. 08-150 of the 2008 Public Acts, exempted the claimant, Richard Peck,[1] and certain other individuals from the definition of "employee" under the act. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff provided flag escort services for oversized vehicles traveling within or through Connecticut. The plaintiff would assign requests for such services to various contractors. In March, 2008, Peck, who had performed services for the plaintiff as an escort vehicle operator, filed a complaint with the administrator claiming that the plaintiff had failed to pay him appropriate unemployment compensation benefits. The plaintiff had not reported wages for Peck and, as a result, the administrator's field unit conducted an audit for the applicable time period, from January 1, 2006 through December 31, 2007.

In 2008, the legislature enacted Number 08-150 of the 2008 Public Acts (P.A. 08-150) which, in § 43 (O), exempted services performed by operators of escort vehicles, under certain circumstances, from the definition of "employee" for purposes of § 31-222.[2] See General Statutes (Rev. to 2007) § 31-222 (a) (5) (O), as amended by No. 08-150 of the 2008 Public Acts.[3] This amendment became effective June 12, 2008.

By a determination letter dated July 7, 2008, the administrator concluded that the plaintiff had employed Peck and other individuals within the terms of § 31-222 (a) (1) (B) (ii),[4] during the audit period from January 1, 2006 to December 31, 2007, and that the "potential amount" the plaintiff owed for unpaid unemployment compensation contributions was $26,812.05 plus interest.[5] The plaintiff appealed to the appeals referee from the administrator's July 7, 2008 determination. In a February 2, 2009 decision, the appeals referee affirmed the July 7, 2008 determination of the administrator. The appeals referee noted that the parties requested only

that he address the issue of whether the amendment codified in P.A. 08-150 was the controlling law to be applied to the July 7, 2008 determination of the administrator. The appeals referee concluded that the amendment did not apply retroactively to the named individuals who worked for the plaintiff between January 1, 2006 and December 31, 2007. The plaintiff appealed that conclusion to the board. On November 12, 2010, the board affirmed the referee's decision and dismissed the appeal.

On November 23, 2010, the plaintiff appealed the board's dismissal to the trial court. On January 8, 2015, the court remanded the matter back to the board "to institute factual findings regarding the applicability of the amendment to the claims against [the plaintiff]." (Footnote omitted.) The court stated: "The board argues that the court should simply decide that the amendment does not apply and affirm the board. [The plaintiff] states that if the amendment is not in effect, then it will not pursue the matter further, but if it does apply, then it stands ready to prove that the amendment as a factual matter exempts it. . . . The court, however, would prefer to have the agency provide its factual findings to the court in advance of its determination of the applicability of the amendment." (Footnotes omitted.) In its remand order, the trial court retained jurisdiction to review the matter in full at the conclusion of the administrative appeals process.

On January 28, 2015, the board remanded the matter to the administrator "to conduct further proceedings and to issue a new decision." The board noted that it did not retain jurisdiction. By letter dated April 24, 2015, the administrator concluded on remand "that none of the escort drivers providing services to [the plaintiff] during the time period covered in the original determination [January 1, 2006 through December 31, 2007] would be exempted from covered employment by the application of Public Act No. 08-150." The plaintiff appealed the administrator's decision regarding the applicability of the amendment to the appeals referee. The appeals referee framed the issue before him as "whether the [plaintiff] would still be liable for contributions if the administrator applied the test set forth in . . . § 31-222 (a) (5) (O), as amended by Section 43 (O) of Public Act No. 08-150." In a memorandum of decision dated May 31, 2016, the appeals referee sustained the plaintiff's appeal and reversed the April 24, 2015 decision of the administrator. The appeals referee held that the escort drivers who had provided services for the plaintiff during the relevant time period would be exempt from the definition of "employee" under the relevant amendment to the act, § 31-222 (a) (5) (O), if it were applied. The appeals referee ordered the administrator "to reimburse the [plaintiff] from contributions already paid in an amount required by law."

On June 9, 2016, the administrator appealed to the board from the decision of the appeals referee. The administrator argued that § 31-222 (a) (5) (O), as amended, did not apply to the drivers in this case. The board affirmed the decision of the appeals referee that the escort drivers who provided services for the plaintiff during the relevant time period would be exempt from the definition of "employee" if the amendment were applied. The board certified to the trial court the record of the proceedings following the court's December 31, 2014 remand order.

Following the board's decision on remand, the trial court rendered a decision on January 9, 2017, dismissing the plaintiff's November 23, 2010 appeal. The court held that "the issue on this appeal is . . . a legal one: the right, not of a claimant, but the administrator for contributions when the determination letter was sent after the amendment. Regardless of the date of the determination letter, the general rule is that where an employer incurred liability for unemployment insurance taxes under a statute, a subsequent amendment of the statute to exempt the employer from payment of further taxes does not operate retroactively to relieve the employer of liability incurred before the effective date of the amendment." This appeal followed.

The plaintiff claims that the court improperly concluded that the amendment to § 31-222 (a) (5) (O) in P.A. 08-150 was inapplicable to the facts of this case. The plaintiff emphasizes that it does not claim that the amendment should be applied retroactively, but rather argues that the triggering event for purposes of applying the new statutory amendment was the issuance of the July 7, 2008 determination letter. The plaintiff contends that, prior to the issuance of the determination letter, there had been no formal finding that the named individuals were employees rather than independent contractors. It argues that the determination letter triggered legal proceedings and triggered the plaintiff's payment obligations. The amendment should apply in this case, the plaintiff argues, because the amendment was in effect at the time the determination letter was issued. The administrator argues that the amendment cannot be applied retroactively to the plaintiff's liability for unemployment compensation contributions for a time period of January 1, 2006 through December 31, 2007, which occurred before the effective date of the amendment. We agree with the administrator.

"If . . . the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the admin-

istrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Mattatuck Museum–Mattatuck Historical Society* v. *Administrator*, 238 Conn. 273, 276, 679 A.2d 347 (1996).

The issue raised by the plaintiff is whether the July 7, 2008 determination letter was the event that triggered the application of the amendment. In that determination letter, the administrator informed the plaintiff that its employment of certain individuals within the terms of § 31-222 (a) (1) (B) (ii) during the audit period triggered its obligation for unpaid unemployment compensation contributions. Although the administrator informed the plaintiff of its liability for unemployment contributions following the effective date of P.A. 08-150, which exempted the plaintiff's escort drivers from the act, the date of the determination letter did not trigger the application of the amendment. The audit period referenced in the determination letter, January 1, 2006 through December 31, 2007, was the time frame during which the named individuals provided services and is, therefore, the time frame during which the plaintiff's obligation to make unemployment compensation contributions arose. This obligation under § 31-222 existed until the legislature amended it. Because the audit period predated the June 12, 2008 effective date of the amendment, the exemption contained in P.A. 08-150 would not apply.[6] Accordingly, we conclude that the court properly dismissed the plaintiff's appeal from the board's decision.

The judgment is affirmed.

[1] Peck was a nonappearing defendant at trial and is not involved in this appeal. We refer in this opinion to the administrator only as the defendant.

[2] General Statutes § 31-222 (a) (1) (B) defines "employment" in relevant part as any service performed by "(ii) any individual who, under either common law rules applicable in determining the employer-employee relationship or under the provisions of this subsection, has the status of an employee. Service performed by an individual shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed. . . ." "This statutory provision is commonly referred to as the ABC test, with parts A, B and C corresponding to clauses I, II and III, respectively. . . . [U]nless the party claiming the exception to the rule that service is employment shows that all three prongs of the test have been met, an employment relationship will be found." (Citations omitted; internal quotation marks omitted.) *Southwest Appraisal Group, LLC* v. *Administrator, Unemployment Compensation Act*, 324 Conn. 822, 832, 155 A.3d 738 (2017).

[3] General Statutes (Rev. to 2007) § 31-222 (a) (5) (O), as amended by P.A. 08-150, sets forth the following exemption: "No provision of this chapter, except section 31-254, shall apply to any of the following types of service or employment, except when voluntarily assumed, as provided in section 31-223. . . . Service performed by the operator of an escort motor vehicle, for an oversize vehicle, overweight vehicle or a vehicle with a load traveling

upon any Connecticut highway pursuant to a permit required by section 14-270, and the regulations adopted pursuant to said section, provided the following conditions are met: (i) The service is provided by an individual operator who is engaged in the business or trade of providing such escort motor vehicle; (ii) The operator is, and has been, free from control and direction by any other business or other person in connection with the actual performance of such services; (iii) The operator owns his or her own vehicle, and statutorily required equipment, and exclusively employs this equipment in providing such services; and (iv) The operator is treated as an independent contractor for all purposes, including, but not limited to, federal and state taxation, workers' compensation, choice of hours worked and choice to accept referrals from multiple entities without consequence. . . .''

[4] See footnote 2 of this opinion.

[5] In 2009, the parties agreed that the total amount due to the administrator was $33,640.91.

[6] The plaintiff does not argue that the amendment should be applied retroactively and we agree that it is not subject to retroactive application. "General Statutes § 55-3 . . . states: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. . . . [W]e have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . [S]ee also *Reid* v. *Zoning Board of Appeals*, 235 Conn. 850, 859 n.6, 670 A.2d 1271 (1996) ([i]t is a rule of construction that legislation is to be applied prospectively, unless the legislature clearly expresses an intention to the contrary)." (Citations omitted; footnote omitted; internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 620–21, 872 A.2d 408 (2005). "[T]he retroactive application of a law occurs only if the new or revised law was not yet in effect on the date that the relevant events underlying its application occurred." *State* v. *Faraday*, 268 Conn. 174, 197, 842 A.2d 567 (2004).