******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# PAMELA BOWENS *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
## (AC 47683)

Cradle, C. J., and Elgo and Moll, Js.

*Syllabus*

The defendant administrator of the Unemployment Compensation Act, who had determined that the plaintiff was ineligible for unemployment benefits, appealed from the trial court's decision remanding the plaintiff's unemployment compensation action to the Board of Review of the Employment Security Appeals Division for reconsideration by its appeals referee of the decision denying the plaintiff's motion to open the referee's decision dismissing her appeal as untimely. The defendant claimed, inter alia, that the court exceeded its limited scope of judicial review in making factual findings and in substituting its judgment for that of the board. *Held*:

The trial court improperly exceeded its limited scope of judicial review by finding facts beyond those contained in the certified record and by relying on its improper findings in examining the board's decision, and, on the basis of the controlling factual findings set forth in the certified record, this court could not conclude that the board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in affirming the referee's denial of the motion to open.

Argued November 17—officially released December 30, 2025

*Procedural History*

Appeal from the decision of the Board of Review of the Employment Security Appeals Division affirming the decision of its referee denying the plaintiff's motion to open the referee's decision dismissing her appeal from the named defendant's decision determining that she was ineligible for unemployment benefits, brought to the Superior Court in the judicial district of Waterbury and tried to the court, *Cordani, J.*; judgment remanding the case to the referee for reconsideration, from which the named defendant appealed to this court. *Reversed*; *judgment directed.*

*Richard T. Sponzo*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellant (named defendant).

*Pamela Bowens*, self-represented, the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant Administrator of the Unemployment Compensation Act[1] appeals from the judgment of the Superior Court rendered in the administrative appeal filed by the self-represented plaintiff, Pamela Bowens, from the decision of the Board of Review of the Employment Security Appeals Division (board). The board affirmed the decision of the referee at the Employment Security Appeals Division (referee) denying, as untimely, the plaintiff's motion to open the referee's decision dismissing, as untimely, her appeal from the defendant's decision determining that she was ineligible for unemployment benefits. In the administrative appeal, the Superior Court remanded the matter for reconsideration of the referee's denial of the plaintiff's motion to open. On appeal to this court, the defendant claims that the Superior Court exceeded its limited scope of judicial review in making factual findings and in substituting its judgment for that of the board, which, the defendant maintains, properly affirmed the referee's denial of the plaintiff's motion to open. We agree and, accordingly, reverse the judgment of the Superior Court.[2]

---

[1] Caregiving by Kathy, the former employer of the plaintiff in the present matter, and the Board of Review of the Employment Security Appeals Division were named as additional defendants in the Superior Court; however, neither of those parties is participating in this appeal. For ease of reference, we refer in this opinion to the Administrator of the Unemployment Compensation Act as the defendant.

[2] Although the court's remand order was interlocutory in nature, we deem it to be a final judgment for purposes of appeal. "Under our existing case law, we have distinguished . . . between two kinds of administrative remands. A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circum-

The following facts, as found by the referee and adopted by the board, and procedural history are relevant to our resolution of the defendant's appeal. By way of a decision mailed on January 12, 2021, the defendant determined that the plaintiff was ineligible for unemployment benefits, effective October 4, 2020 (January 12, 2021 decision).[3] The notice of the January 12, 2021 decision mailed to the plaintiff provided that February 2, 2021, was the deadline by which the plaintiff could file a timely appeal from the January 12, 2021 decision. See General Statutes § 31-241 (a).[4]

stances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. . . . A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication." (Internal quotation marks omitted.) *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 784 n.8, 12 A.3d 1067 (2011). We conclude that "[t]he present case falls within the classification of administrative remands in which an administrative ruling was held to be in error and further administrative proceedings are necessary on that very issue"; id.; such that the remand order constitutes an appealable final judgment.

[3] The defendant further determined that the plaintiff had received $188 in unemployment benefits for which she was not eligible and that the plaintiff did not qualify for a waiver for the overpayment.

[4] General Statutes § 31-241 (a) provides in relevant part: "The decision of the administrator shall be final . . . unless the claimant . . . within twenty-one calendar days after such notification was provided to the claimant . . . files an appeal from such decision and applies for a hearing, provided (1) any such appeal which is filed after such twenty-one-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing, (2) if the last day for filing an appeal falls on any day when the offices of the Employment Security Division are not open for business, such last day shall be extended to the next business day, (3) if any such appeal is filed by mail, such appeal shall be considered timely filed if it was received within such twenty-one-day period or bears a legible United States postal service postmark which indicates that within such twenty-one-day period it was placed in the possession of such postal authorities for delivery to the appropriate office, except posting dates attributable to private postage meters shall not be considered in determining the timeliness of appeals filed by mail, and (4) if any such appeal is filed electronically, such appeal shall

On February 24, 2021, the plaintiff appealed to the Employment Security Appeals Division (division) from the January 12, 2021 decision. On April 6, 2021, the division issued a notice that a telephonic hearing would be held on April 14, 2021, limited to the issue of whether the plaintiff had good cause for failing to file a timely appeal. The plaintiff received the hearing notice in a timely fashion and did not request a postponement; however, she did not call in to the April 14, 2021 hearing because she was at a hospital with her son, who had been shot that same day. By way of a decision mailed on April 16, 2021, the referee dismissed the plaintiff's appeal for lack of jurisdiction, determining that (1) the appeal was untimely, (2) the plaintiff had failed to appear at the April 14, 2021 hearing to pursue the appeal, and (3) there was no evidence establishing good cause for the untimely appeal (April 16, 2021 decision). The April 16, 2021 decision further provided that May 7, 2021, was the deadline by which the plaintiff could file a timely appeal therefrom. See General Statutes § 31-248.[5] The plaintiff received notice of the April 16, 2021

be considered timely filed if it was received within such twenty-one-day period. . . .''

[5] General Statutes § 31-248 provides in relevant part: "(a) Any decision of a referee, in the absence of a timely filed appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby, shall become final on the twenty-second calendar day after the date on which a copy of the decision is provided to the party, provided (1) any such appeal or motion which is filed after such twenty-one-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing, (2) if the last day for filing an appeal or motion falls on any day when the offices of the Employment Security Division are not open for business, such last day shall be extended to the next business day, (3) if any such appeal or motion is filed by mail, such appeal or motion shall be considered to be timely filed if it was received within such twenty-one-day period or bears a legible United States postal service postmark which indicates that within such twenty-one-day period, it was placed in the possession of such postal authorities for delivery to the appropriate office, except posting dates attributable to private postage meters shall not be considered in determining the timeliness of appeals or motions filed by mail, and (4) if any such appeal is filed electronically, such

decision in a timely fashion, and she also received other written correspondence from the division in a timely fashion and without incident.

From April through August, 2021, the plaintiff neither called the division nor visited the division's office. On September 10, 2021, the plaintiff called the division to ask for assistance. By that time, a separate claim that the plaintiff had submitted seeking unemployment compensation in connection with the COVID-19 pandemic had been denied. On September 13, 2021, the plaintiff filed a motion to open the April 16, 2021 decision (motion to open). By way of a decision mailed on September 28, 2021, the referee conditionally granted the motion to open, which the referee determined to be late, and withdrew the April 16, 2021 decision provided that the plaintiff demonstrated good cause for opening the case. On October 22, 2021, the referee held a telephonic hearing on the motion to open, which the plaintiff and a representative of her former employer attended.

By way of a decision mailed on November 5, 2021, the referee denied the motion to open and reinstated the April 16, 2021 decision, reasoning that, although the plaintiff may have demonstrated good cause for failing

appeal shall be considered timely filed if it was received within such twenty-one-day period.

"(b) Any decision of a referee may be reopened, set aside, vacated or modified on the timely filed motion of a party aggrieved by such decision, or on the referee's own timely filed motion, on grounds of new evidence or if the ends of justice so require upon good cause shown. The appeal period shall run from the date a copy of the decision entered after any such reopening, setting aside, vacation or modification, or a decision denying such motion, as the case may be, was provided to the aggrieved party, provided no such motion from any party may be accepted with regard to a decision denying a preceding motion to reopen, vacate, set aside or modify filed by the same party. An appeal to the board from a referee's decision may be processed by the referee as a motion for purposes of reopening, vacating, setting aside or modifying such decision, solely in order to grant the relief requested. . . ."

to attend the April 14, 2021 hearing on the basis of her son's shooting, she failed to establish good cause for filing the motion to open more than eighteen weeks late notwithstanding having received timely notice of the April 16, 2021 decision. Additionally, the referee determined that the plaintiff "did not pursue her appeal" in light of her failure to contact the division from April through August, 2021, and that "she had a change of heart after her application for [COVID-19] pandemic unemployment assistance was denied."

On November 12, 2021, the plaintiff timely appealed to the board from the referee's denial of the motion to open. See General Statutes § 31-249.[6] By way of a decision mailed on June 20, 2022, the board affirmed the denial of the motion to open and dismissed the plaintiff's appeal. The board adopted the referee's findings of fact set forth in the April 16, 2021 decision, with the exception of a scrivener's error. The board determined that (1) the plaintiff did not rebut the legal presumption that she received timely notice of the April 16, 2021 decision, and (2) although "compelling personal circumstances," including serious family emergencies, preventing a party from filing a timely appeal or motion may constitute good cause to permit a belated filing, it "must also consider a party's diligence in filing the appeal or motion once the reason for the late filing no longer exists," and the plaintiff did not exercise diligence by waiting until September, 2021, to file the motion to open. The board further noted that the plaintiff was requesting an evidentiary hearing and seeking to supplement the record with certain medical documents. The board declined these requests, determining that the plaintiff did not demonstrate good cause to supplement

[6] General Statutes § 31-249 provides in relevant part: "At any time before the referee's decision has become final within the periods of limitation prescribed in section 31-248, any party including the administrator, may appeal therefrom to the board. . . ."

the record when she could have submitted the proffered medical documents to the referee during the hearing on the motion to open. Additionally, the board determined that, even if it were to consider the proffered medical documents, they "would not excuse the [plaintiff's] lengthy delay in filing her motion to [open]."

By way of a petition dated July 19, 2022, the plaintiff timely appealed to the Superior Court from the board's decision.[7] See General Statutes § 31-249b.[8] The plaintiff did not file a motion to correct the board's findings pursuant to Practice Book § 22-4.[9] On February 5, 2024, the defendant filed a brief on the merits contending that the board's decision was correct and that the plaintiff's administrative appeal should be dismissed.[10]

[7] The petition contains a time stamp indicating that it was received by the board on July 19, 2022; however, it was not filed with the Superior Court until June 20, 2023. In its decision, the court, *Cordani, J.*, noted that no argument had been raised that the administrative appeal was untimely.

[8] General Statutes § 31-249b provides in relevant part: "At any time before the board's decision has become final, any party, including the administrator, may appeal such decision, including any claim that the decision violates statutory or constitutional provisions, to the superior court for the judicial district of Hartford or for the judicial district wherein the appellant resides. . . ." See also General Statutes § 31-249a (a) ("[a]ny decision of the board, in the absence of a timely filed appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby, shall become final on the thirty-first calendar day after the date on which a copy of the decision is provided to the party").

[9] Practice Book § 22-4 provides: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the Superior Court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."

[10] The plaintiff did not file a brief on the merits. In her petition, the plaintiff stated that she "disagree[d] with the [board's decision and] would like to take this matter to court . . . ."

On April 22, 2024, the court, *Cordani, J.*, heard argument on the petition. The plaintiff argued that she was "confused" by the unemployment compensation process and "overwhelmed" by the paperwork that she had received with respect thereto, stating that "I have tons—for over three years, tons of paperwork. Tons of back and forth, sending me here, sending me there . . . constantly. . . . I could not apply for unemployment [benefits] to get help when we were under the [COVID-19] isolation. . . . [O]nce I applied for one thing, they would put me on hold and tell me I would have to wait." She further argued that there "wasn't any lapse of time. I had hardship. A lot of things went on. No, it's no one's fault. Everybody [has] issues, but I had some serious tragedy that went on in my life, and I still was trying to stay grounded with what was going on. But every single time, they just kept shooting me down, shooting me down." The defendant's counsel conceded that the COVID-19 pandemic had caused delays in proceedings on unemployment claims; nevertheless, counsel maintained that the board's decision was proper because the plaintiff had failed to demonstrate good cause for filing the motion to open late. Counsel further argued that the court was bound by the factual findings made by the referee and the board and that it could not rely on evidence outside of the record to which the plaintiff had alluded during her argument.

On April 23, 2024, the court issued its decision on the plaintiff's petition. The court stated that there was no dispute that the motion to open was late; however, the court concluded "that the agency did not reasonably handle" its "determination of good cause and subsequent diligence." The court determined that (1) the January 12, 2021 decision, which concerned a "remedial basic benefit," had not been subjected to a substantive review, (2) "[t]he plaintiff's application for unemployment benefits and the agency processes involving her

application took place within the height of the [COVID-19] pandemic at a time of turmoil and uncertainty for the plaintiff and for the agency, [and] [e]ven the application of agency procedures was uncertain during at least portions of that time," (3) on the day of the April 14, 2021 hearing, the plaintiff was at a hospital tending to her son after he had been shot, and, "[a]s one might expect, this incident had an effect on the plaintiff's ability to deal with her agency litigation beyond the day of the shooting, placing physical, mental, and time restraints upon the plaintiff for some time thereafter," (4) "[t]he plaintiff convincingly argued to the court that she was confused by the agency and the many letters and communications she received from [it], [and she] also convincingly argued that the agency misled her," with additional "confusion [being] created by the agency in that the agency directed the plaintiff to multiple programs," and (5) the board refused to consider the medical documents proffered to it by the plaintiff, which documents "apparently [were] not even entered into the record." The court continued: "In view of the foregoing, the court hereby remands this matter back to the . . . referee to reconsider the agency's determination concerning good cause and diligence in light of the foregoing factors and in further view of the medical evidence proffered by the plaintiff." This appeal followed. Additional facts and procedural history will be set forth as necessary.

The defendant claims that the court exceeded its limited scope of judicial review in making factual findings and substituting its judgment for that of the board, which, the defendant contends, properly affirmed the referee's denial of the motion to open. The plaintiff argues that the court properly exercised its discretion to conclude that the board acted unreasonably in determining that she failed to establish good cause for

her belated filing of the motion to open. We agree with the defendant.[11]

"The standard of review for judicial review of this type of case is well established. In appeals under . . . § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board . . . . The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the . . . referee where, as here, the board . . . adopted the findings and affirmed the decision of the referee. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board . . . has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Mendes* v. *Administrator, Unemployment Compensation Act*, 199 Conn. App. 25, 30, 235 A.3d 665 (2020); see also *Blossom's Escort, LLC* v. *Administrator, Unemployment Compensation Act*, 184 Conn. App. 448, 454, 195 A.3d 417 (2018) ("[a]lthough the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or

[11] Embedded within the defendant's claims is an apparent separate assertion that the court improperly determined that the board refused to consider the medical documents proffered to it by the plaintiff. Insofar as this is a distinct claim of error, we agree with the defendant. In rejecting the plaintiff's requests for an evidentiary hearing and to supplement the record with the proffered medical documents, the board determined that (1) the plaintiff could have presented the documents to the referee during the hearing on the motion to open, such that there was no "good cause to supplement the record at this late stage in the proceedings," and (2) even if it were to consider the documents, they "would not excuse the [plaintiff's] lengthy delay in filing her motion to [open]." Thus, we disagree with the court's characterization that the board refused to consider the proffered medical documents; rather, the board determined that there was no good cause shown to permit their belated submission, and, in any event, they would not establish good cause for the late filing of the motion to open.

an abuse of discretion" (internal quotation marks omitted)).

"In an appeal to the court from a decision of the board, the court is not to find facts. . . . In the absence of a motion to correct the finding of the board [pursuant to Practice Book § 22-4], the court is bound by the board's finding." (Citations omitted.) *Ray* v. *Administrator, Unemployment Compensation Act*, 133 Conn. App. 527, 533, 36 A.3d 269 (2012); see also *Mendes* v. *Administrator, Unemployment Compensation Act*, supra, 199 Conn. App. 30 ("[a] plaintiff's failure to file a timely motion for correction of the board's findings in accordance with . . . § 22-4 prevents further review of those facts found by the board" (internal quotation marks omitted)).

In denying the motion to open, the referee made factual findings, which were adopted by the board, including that (1) the plaintiff did not participate in the April 14, 2021 hearing because she was at a hospital with her son after he had been shot, (2) the plaintiff received notice of the ensuing April 16, 2021 decision in a timely manner, (3) the plaintiff did not contact the division between April and August, 2021, (4) on September 10, 2021, the plaintiff contacted the division for help after a separate application that she had filed for unemployment benefits attendant to the COVID-19 pandemic had been denied, and (5) on September 13, 2021, the plaintiff filed the motion to open, which was more than eighteen weeks late. We further discern the board to have found that the family emergency involving the plaintiff's son that occurred on April 14, 2021, did not prevent the plaintiff from filing the motion to open in a timely manner, as the board observed that it "must also consider a party's diligence in filing the appeal or motion once the reason for the late filing no longer exists" and found that the plaintiff "waited" until September, 2021, to file the motion to open. The plaintiff

did not file a motion to correct pursuant to Practice Book § 22-4, such that the court "was bound by the [aforementioned] factual findings and was called on to assess only whether the board's ultimate finding, namely, whether the plaintiff had failed to establish good cause, was reasonable and logical in light of the factual findings." *Mendes* v. *Administrator, Unemployment Compensation Act*, supra, 199 Conn. App. 36.

Nevertheless, in adjudicating the plaintiff's administrative appeal, the court found facts beyond those contained in the certified record, including findings predicated in part on representations made by the plaintiff during the April 22, 2024 hearing. Notably, the court made findings with regard to the effects of (1) the COVID-19 pandemic on unemployment compensation proceedings, (2) the shooting of the plaintiff's son "on the plaintiff's ability to deal with her agency litigation beyond the day of the shooting," and (3) agency communications received by the plaintiff, upon which findings the court relied to conclude that the board's decision was not reasonable. Put simply, the court exceeded its limited scope of judicial review by engaging in such fact-finding and by relying on its improper findings in examining the board's decision. See *Seward* v. *Administrator, Unemployment Compensation Act*, 191 Conn. App. 578, 586, 215 A.3d 202 (2019) (Superior Court "exceeded the scope of [court's] review" by finding facts, which formed basis of court's determination that board abused its discretion); *Chicatell* v. *Administrator, Unemployment Compensation Act*, 145 Conn. App. 143, 151–52, 74 A.3d 519 (2013) (Superior Court "exceeded [its] limited scope of review" by, in essence, finding facts and substituting them for those of referee and board when it relied on " 'uncontradicted testimony' " in form of assertions made by plaintiff on appeal forms to board and to court); *Ray* v. *Administrator, Unemployment Compensation Act*, supra, 133

Conn. App. 534 (Superior Court "erred by accepting as true facts that the board did not find and by basing its conclusions on those facts").[12] On the basis of the controlling factual findings set forth in the certified record, we cannot conclude that the board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in affirming the referee's denial of the motion to open.

The judgment is reversed and the case is remanded with direction to render judgment affirming the decision of the Board of Review of the Employment Security Appeals Division.

In this opinion the other judges concurred.

---

[12] The plaintiff relies on *Burnham* v. *Administrator, Unemployment Compensation Act*, 184 Conn. 317, 439 A.2d 1008 (1981), for the proposition that the court properly "exercised its discretion when entertaining questions that might have been, but were not, raised before the referee or the board when reviewing the plaintiff's [administrative] appeal, and considering her lack of experience and status as a pro se litigant." This reliance is misplaced. In *Burnham*, our Supreme Court stated that the "well-recognized limitations on judicial review [in administrative appeals brought pursuant to § 31-249b] do not require courts to abstain entirely from entertaining questions that might have been, but were not, raised before the administrative tribunal. Reviewing courts retain considerable latitude, in ordinary legal proceedings, to consider matters not raised in the trial court. . . . The standard for review of administrative proceedings similarly must allow for judicial scrutiny of claims such as constitutional error . . . jurisdictional error . . . or error in the construction of the administrative agency's authorizing statute. . . . In addition, the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings." (Citations omitted.) Id., 322–23. In her administrative appeal, the plaintiff did not raise claims of constitutional error, jurisdictional error, or error in the construction of an authorizing statute. Moreover, we do not construe *Burnham* as endorsing improper fact-finding by the Superior Court when the plaintiff is a self-represented party. See, e.g., *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 787, 12 A.3d 1067 (2011) (notwithstanding policy of courts to be solicitous of rights of self-represented parties, Superior Court lacked authority to consider self-represented plaintiff's challenge of board's findings when plaintiff failed to file motion to correct pursuant to Practice Book § 22-4).

Additionally, the plaintiff argues that we should not review a portion of the defendant's claims on appeal because the record is inadequate for review and the defendant failed to file a motion for articulation pursuant to Practice Book § 66-5. In short, we conclude that the record is adequate for our review.