STAN KAPLAN *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT ET AL.
(3314)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued April 3—decision released May 28, 1985

*John F. Meehan,* for the appellant (defendant United
Parcel Service, Inc.)

*Gregg D. Adler,* for the appellee (plaintiff).

*Donald E. Wasik,* assistant attorney general, with
whom, on the brief, was *Joseph I. Lieberman,* attor-
ney general, for the appellee (named defendant).

PER CURIAM. This is an appeal by the plaintiff's
employer from a judgment of the Superior Court which
reversed the decision of the employment security board
of review. That decision had denied the plaintiff unem-
ployment benefits. The board of review adopted the
findings of fact and decision of the appeals referee as
its own. The appeals referee had reversed the adminis-
trator's initial finding of eligibility of unemployment
benefits.

The appeals referee found the following facts: The
plaintiff was employed by the defendant United Par-
cel Service, Inc., for twelve years. At the time of his
termination, the plaintiff was a package sorter. He
refused to follow the prescribed procedure of holding

a marking crayon in his hand while sorting packages because he felt it interfered with his grip and made his job unsafe. He was warned that disciplinary measures would follow if his failure to follow the procedure continued. He refused to resolve the dispute through the standard grievance process and left the job. No one had been injured using this procedure during the seventeen years it had been used.

The appeals referee concluded that, absent any proof that the procedure was actually dangerous to the plaintiff, the plaintiff's failure to resolve his complaint through the grievance process indicated that he left work voluntarily and without sufficient cause. The review board agreed.

The trial court found the review board's, and hence the appeals referee's, decision to be illegal, arbitrary and unreasonable. During the course of the proceedings in the trial court, the administrator agreed with the plaintiff that he had been improperly denied benefits. The employer, therefore, is the sole appellant, the administrator having aligned itself with, and having filed a brief in support of, the plaintiff's position. The employer argues that the trial court exceeded its scope of review. We agree.

"[T]he power of the trial court in appeals of this kind is very limited: '[T]he Superior Court does not try the matter de novo; it is not its function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board.' " *Johnson* v. *Administrator*, 3 Conn. App. 264, 267, 487 A.2d 565 (1985). Its function is to determine only if the board acted rationally and logically or illegally and in abuse of its discretion. Id., 267–68.

The trial court, however, went beyond the bounds of its scope of review. It reviewed the record and gave greater weight to evidence before the appeals referee

than the appeals referee deemed warranted. It further found that the plaintiff should not be required to follow the grievance process if it meant using the protested procedure for a long period of time. The trial court, in so doing, adjudicated the facts on its own and substituted its conclusions for those of the board and referee, which it was not permitted to do.

The trial court " 'is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee.' " Id., 268. A review of the record reveals that the facts found by the referee were neither unreasonable nor illogical, and that the referee did not act illegally or in abuse of its discretion. The trial court, therefore, was bound by the referee's facts and could not add facts which the court found more persuasive to reverse the board's decision.

There is error, the judgment is set aside and the case is remanded with direction to reinstate the decision of the board of review.