[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT ON APPEAL
This is an appeal by the claimant, Rafael Adorno, from the decision of the Employment Security Board of Review denying him unemployment compensation benefits.
The record of proceedings has been returned by the Board in compliance with General Statutes 31-249b.
The claimant-appellant has made no motion to correct the finding of the Board pursuant to Practice Book 515A.
The Board adopted the findings of the referee. The referee made the following findings:
 "1. This is the claimant's appeal from a decision of the Administrator withholding benefits on the issue of his voluntary leaving of employment at Caldor, Inc.
 2. The claimant was a full-time maintenance worker at the employer's Fairfield store for an eight month period ending in voluntary termination on February 26, 1990. He worked from 5:00 a.m. to 12:30 p.m. at a final pay rate of $8.75 per hour.
 3. The employer expends 200 hours per week in its maintenance department. That level of working hours had not changed during the claimant's employment. However, he had been responsible for the same tasks when other workers were on his shift, and those workers had been responsible for their own separate duties.
 5. The employer was pleased with the claimant's job performance. He had been elevated to the position of a leadman and had recently received a 20% pay raise. He was not required to work beyond his standard 37 and one-half hour work week to complete his duties.
 6. The claimant issued the employer an ultimatum to hire more workers or he would quit. The employer had previously requested that the claimant transfer to the night shift, where the other workers had been transferred, but the claimant refused. The claimant voluntarily terminated his employment on February 26, 1990." CT Page 4914
 The Board adopted the Decision of the Referee.
The referee made the following decision.
DECISION
"SEC. 31-236. (A)(2)(A) of the Connecticut Unemployment Compensation Law provides that an individual shall be ineligible for benefits if it is found that he has left suitable work voluntarily and without sufficient cause connected with his word, until such individual has earned at least ten times his benefit rate, provided no individual shall be ineligible for benefits if he leaves suitable work for sufficient cause connected with his work, including leaving as a result of changes in his conditions created by his employer.
The claimant voluntarily quit his job because he felt that changes made by the employer caused his duties to increase. However, the record reveals that the claimant was not responsible for any more job assignments than previously. Although the employer had transferred a number of coworkers to another shift, the claimant had been allowed to retain his preferred shift, and he was not required to work beyond his normal shift in order to complete his duties.
It is indisputably the province of the employer to determine and establish the methods of operating its business. Consequently, the employee must subrogate his own ideas or feelings with regard to the appropriateness of such operational methods to those adopted and utilized by the employer. Gallegos v. U.S. Repeating Arms Co. Board Case No. 1232-83-BR (8/15/83).
Since the employer did not materially alter the claimant's hours or job duties, and since the employer had the right to assign its maintenance staff in a manner best calculated to maintain efficient operation, the Referee concurs with the Administrator's decision that the claimant left suitable work voluntarily and without sufficient work connected cause. CT Page 4915 Benefits were properly withheld as the result. The Administrator's determination is AFFIRMED and the claimant's appeal is DISMISSED."
This court does not retry the facts or hear evidence, but must decide the appeal on this record. The court cannot omit conclusions of the Board when these depend on the weight of the evidence and the credibility of witnesses. See, Practice Book 519, Kaplan v. Administrator, 4 Conn. App. 152,153-54, 493 A.2d 248 (1985).
A review of the record reveals the facts found by the referee were neither unreasonable nor illogical. The referee did not act illegally nor in abuse of his discretion. The decision was not in conflict with the law.
The appeal from the decision of the Board of Review is dismissed.
NIGRO, JUDGE