******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JOHN P. MENDES *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 42442)

Alvord, Elgo and Bright, Js.

*Syllabus*

The defendant administrator of the Unemployment Compensation Act
appealed to this court from the judgment of the Superior Court sustaining
the plaintiff's appeal from the decision of the Board of Review of the
Employment Security Appeals Division, which affirmed the determina-
tion by an appeals referee that the plaintiff was not entitled to certain
unemployment benefits. The plaintiff, who had been employed by A
Co., had been found eligible for unemployment benefits by the adminis-
trator. A Co. appealed from that decision, and the appeals referee,
following a hearing, reversed the decision of the administrator to award
benefits to the plaintiff. The plaintiff, who did not attend the hearing
before the appeals referee, thereafter filed a motion to open the referee's
decision, arguing that he had not received notice of the hearing. The
referee denied the plaintiff's motion on the ground that he had not
established good cause for his failure to participate in the hearing,
finding that, the notice had been properly mailed to the plaintiff at his
usual address where he had received all other notices, the notice had
not been returned as undeliverable, and the plaintiff had admitted that
he may have inadvertently discarded the notice. The board subsequently
affirmed the decision of the referee, concluding that the evidence sup-
ported the referee's findings and conclusion. Thereafter, the plaintiff
appealed to the Superior Court, which found that there was no evidence
that the defendant had properly mailed notice of the hearing before the
appeals referee and remanded the case for a de novo appeal hearing
before the referee. *Held* that the Superior Court exceeded its scope of
authority by assessing the factual findings of the referee, as adopted by
the board, and determining that because there was no evidence to
support the referee's findings, the board had acted unreasonably, ille-
gally, or in abuse of its discretion by denying the plaintiff's motion to
open; in an appeal from the decision of the board, the trial court is
bound by the board's factual findings and, therefore, it was improper
for the trial court to review the subordinate findings of the referee,
which had been adopted by the board, in the absence of the plaintiff's
filing a motion to correct pursuant to the applicable rule of practice
(§ 22-4); moreover, the evidence supported the referee's factual findings
that notice had been properly mailed to the plaintiff at his address of
record and received by the plaintiff and, therefore, the board acted
properly in accepting those findings and affirming the referee's decision.

Submitted on briefs April 15—officially released July 14, 2020

*Procedural History*

Appeal from the decision of the Board of Review of
the Employment Security Appeals Division affirming
the decision by an appeals referee that the plaintiff was
not entitled to certain unemployment compensation
benefits, brought to the Superior Court in the judicial
district of New Haven and tried to the court, *Hon. Jon
C. Blue*, judge trial referee; judgment sustaining the
appeal and remanding the case for further proceedings,
from which the named defendant appealed to this court.
*Reversed*; *judgment directed*.

*Krista D. O'Brien* and *Philip M. Schulz*, assistant

attorneys general, and *William Tong*, attorney general, filed a brief for the appellant (named defendant).

*John P. Mendes*, self-represented, filed a brief as the appellee (plaintiff).

*Opinion*

BRIGHT, J. The defendant Administrator of the Unemployment Compensation Act (administrator)[1] appeals from the judgment of the Superior Court sustaining the appeal of the plaintiff, John P. Mendes, from the decision of the Board of Review of the Employment Security Appeals Division (board), which had dismissed the plaintiff's appeal from the decision of the referee at the Employment Security Appeals Division (referee). In short, the Superior Court concluded that the board had no evidence that the defendant had mailed notice to the plaintiff of a January 16, 2018 appeal hearing before the referee, and that the plaintiff, therefore, was entitled to a de novo hearing before the referee. On appeal, the defendant claims this was error. We agree and, accordingly, reverse the judgment of the Superior Court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The defendant determined that the plaintiff was eligible for unemployment benefits effective October 22, 2017, and, on November 7, 2017, notified the plaintiff's former employer, A & E Glass (employer), of its chargeability. Two days later, the employer appealed to the referee from the defendant's decision. On January 16, 2018, the referee conducted a hearing, at which the employer appeared but the plaintiff did not. On January 17, 2018, the referee reversed the defendant's decision to award benefits to the plaintiff, and, on February 6, 2018, the plaintiff timely filed a motion to open the referee's decision on the ground that he had not received notice of the January 16, 2018 hearing.

On February 16, 2018, the referee conditionally granted the motion to open and, on May 14, 2018, she held a hearing on the issue of notice, in which both the employer and the plaintiff participated. In a May 29, 2018 decision, the referee found that staff at the appeals division of the defendant, on January 3, 2018, properly had mailed the January 16, 2018 hearing notice to the plaintiff at his usual address where he had received all other notices, and that the notice had not been returned as undeliverable. She further found that that the plaintiff, on the basis of his own admission, may have discarded that notice, inadvertently. She found that the plaintiff's receipt of all other notices that had been mailed to the same address as the notice in question, and the plaintiff's admission that he inadvertently may have discarded the notice in question, "belie the [plaintiff's] claim of nonreceipt." Consequently, she found that the plaintiff had failed to establish good cause for opening her decision and granting a rehearing, and she, therefore, denied the plaintiff's motion to open and reinstated her January 17, 2018 decision. On June 15, 2018, the plaintiff timely filed an appeal to the board on the ground that he "disagree[d] with the referee's

decision because [he] was not aware of [his] original hearing date of January 16, 2018." On July 20, 2018, the board affirmed the decision of the referee, concluding that the evidence supported the referee's findings and conclusion. On August 20, 2018, the plaintiff appealed to the Superior Court. The plaintiff did not file a motion to correct the board's findings pursuant to Practice Book § 22-4.[2]

In a December 20, 2018 memorandum of decision, the court, relying on the mailbox rule,[3] reasoned that the failure of the plaintiff to file a motion to correct the board's findings was not fatal to his claim because the board had acted unreasonably, arbitrarily, illegally or in abuse of its discretion when it affirmed the decision of the referee because there was *no evidence* that the defendant properly had mailed notice of the referee's January 16, 2018 hearing to the plaintiff at his address of record. The court held, in relevant part, that the "evidentiary basis for the referee's finding nowhere appears. The only parties appearing at the hearing to address the issues raised by the [plaintiff's] motion were [the plaintiff] and his employer. . . . Neither of those parties could possibly have had any knowledge of the circumstances of mailing of the notice by the Middletown Appeals Division office staff." (Citation omitted.) The court also explained: "The lack of an evidentiary basis for the findings . . . is alone dispositive of the present appeal. . . . The record in this case reveals no evidence for the finding of notice in question." (Citation omitted; emphasis omitted.) Accordingly, the court reversed the decision of the board, and remanded the case for a de novo appeal hearing before the referee. This appeal followed. Facts and additional procedural history will be set forth as necessary.

We first set forth the general principles regarding an appeal involving unemployment compensation. "In the processing of unemployment compensation claims . . . the administrator, the referee and the [board] decide the facts and then apply the appropriate law. . . . [The administrator] is charged with the initial responsibility of determining whether claimants are entitled to unemployment benefits. . . . This initial determination becomes final unless the claimant or the employer files an appeal within twenty-one days after notification of the determination is mailed. . . . Appeals are taken to the employment security appeals division which consists of a referee section and the board of review. . . . The first stage of claims review lies with a referee who hears the claim de novo. The referee's function in conducting this hearing is to make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions . . . of the law. . . . This decision is appealable to the board . . . . Such appeals are heard on the record of the hearing before the referee

although the board may take additional evidence or testimony if justice so requires. . . . Any party, including the administrator, may thereafter continue the appellate process by appealing to the Superior Court and, ultimately, to [the Appellate and Supreme Courts]. . . .

"The standard of review for judicial review of this type of case is well established. In appeals under . . . [General Statutes] § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. . . . The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board . . . adopted the findings and affirmed the decision of the referee. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board . . . has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Nonetheless, issues of law afford a reviewing court a broader standard of review when compared to a challenge to the factual findings of the referee." (Citations omitted; internal quotation marks omitted.) *Seward* v. *Administrator, Unemployment Compensation Act*, 191 Conn. App. 578, 584–85, 215 A.3d 202 (2019); see also General Statutes § 31-222 et seq. A plaintiff's "failure to file a timely motion for correction of the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board." *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, 265 Conn. 413, 422, 828 A.2d 609 (2003).

In this appeal, the defendant claims that the Superior Court "clearly exceeded its authority when it disregarded the [board's] factual findings, credibility determinations, and conclusions of law that the plaintiff failed to demonstrate *good cause* for his failure to attend the referee's hearing because the . . . court *found* inadequate notice, and ordered another *de novo* hearing on the merits." (Emphasis in original.) He argues: "[I]n light of all the evidence, and *in the absence of a motion to correct*, the . . . court rejected the board's conclusion that the plaintiff received the hearing notice because the . . . court determined that 'this case reveals *no* evidence for the finding of notice in question' . . . . [The court] . . . failed to afford the proper deference to the board with respect to determining whether . . . a claimant received notice of [a] . . . hearing." (Emphasis in original.) We agree.

The following facts, as revealed by the record or as found by the referee and adopted by the board, assist with our review. After the defendant found the plaintiff eligible for benefits, the employer appealed to the referee. In the file maintained by the defendant, there is a

document entitled "notice of hearing before a referee." That document provides that, on January 3, 2018, it was mailed to the plaintiff at his address of record, the employer, and the president of the employer, notifying them that there was an appeal hearing scheduled for Tuesday, January 16, 2018, at 11 a.m., in Middletown. The defendant attended that January 16, 2018 hearing, but the plaintiff did not attend. The referee, thereafter, rendered a decision in which she reversed the defendant's decision to award benefits to the plaintiff.[4] After receiving notice of the referee's decision, the plaintiff filed a motion to open on the ground that he had not received notice of the January 16, 2018 appeal hearing.[5] At the hearing on the motion to open, the plaintiff admitted that it was possible that he inadvertently had thrown away the notice, thinking it was junk mail. The referee found that notice had been sent to the plaintiff at his address of record, that he had received all other notices at the address, that he had received this notice, and that he, therefore, failed to prove that there was good cause for her to open and change her decision. The board later adopted the referee's findings and affirmed her decision. In particular, the board concurred in the referee's determination that the plaintiff had failed to submit credible evidence that he had not received the referee's hearing notice, and that he failed to establish good cause to open the referee's decision and to rehear the case. The plaintiff then appealed to the Superior Court without filing a motion to correct the board's findings pursuant to Practice Book § 22-4.

The Superior Court, relying on the mailbox rule and *Cragg* v. *Administrator, Unemployment Compensation Act*, 160 Conn. App. 430, 437, 125 A.3d 650 (2015), reasoned that the failure of the plaintiff to file a motion to correct the board's findings was not fatal to his claim because the board had acted unreasonably, arbitrarily, illegally or in abuse of its discretion when it affirmed the decision of the referee because there was *no evidence* in the record to support the referee's finding that the defendant properly had mailed notice of the January 16, 2018 hearing. The court reviewed the record of the hearing on the motion to open and concluded that there was no one present at that hearing who was competent to testify that the defendant properly had mailed notice to the plaintiff. We conclude that the court was bound by the factual findings of the board because the plaintiff failed to file a motion to correct those findings. See Practice Book § 22-4 ("[i]f the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the Superior Court . . . file with the board a motion for the correction of the finding"); *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 422 (in absence of Practice Book § 22-4 motion to correct, "board's factual findings are not subject to further review by this court or by the trial

court").

Pursuant to General Statutes § 31-249b: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book."[6] In *Cragg*, this court stated that, when considering an appeal from the board, "[a] plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 *prevents further review of those facts found by the board. . . .* In the absence of a motion to correct the findings of the board, *the court is not entitled to retry the facts* or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached." (Emphasis added; internal quotation marks omitted.) *Cragg* v. *Administrator, Unemployment Compensation Act*, supra, 160 Conn. App. 437. "[The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . . Practice Book § 22-9 [(a)]." (Internal quotation marks omitted.) Id., 444. On the basis of this quoted language, without analyzing the meaning of that language, the Superior Court focused on the question of whether there was any evidence to support the referee's factual findings that notice of the January 16, 2018 hearing properly had been mailed to the plaintiff and that he had received that notice, and it concluded there was no such evidence.

In its memorandum of decision, the court did not discuss *JSF Promotions, Inc.*, or other appellate level cases, including *Cragg*, that have applied the prohibition on reviewing factual findings made by the referee and the board in the absence of a § 22-4 motion to correct. See, e.g., *Seward* v. *Administrator, Unemployment Compensation Act*, supra, 191 Conn. App. 586 ("'In an appeal to the court from a decision of the board, the court is not to find facts. . . . In the absence of a motion to correct the finding of the board, the court is bound by the board's finding.' "); *Ray* v. *Administrator, Unemployment Compensation Act*, 133 Conn. App. 527, 533, 36 A.3d 269 (2012) (same); *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 786, 12 A.3d 1067 (2011) (failure to file timely motion for correction of board's findings in accordance with Practice Book § 22-4 prevents further review of facts found by board); *Shah* v. *Administrator, Unemployment Compensation Act*, 114 Conn. App. 170, 176, 968 A.2d 971 (2009) (failure to file timely motion for correction was determinative of appeal); *Kaplan* v. *Administrator, Unemployment Compensation Act*, 4 Conn. App. 152, 153, 493 A.2d 248 (Superior Court does not try appeal de novo, and its function is not to adjudicate questions of fact), cert. denied, 197 Conn. 802, 495 A.2d 281 (1985). Instead, the trial court proceeded to exam-

ine the record of the May 14, 2018 hearing to see if the referee's subordinate factual findings, which were adopted by the board, had an evidentiary foundation.

We conclude that the Superior Court exceeded the permitted scope of review by assessing the factual findings of the referee, as adopted by the board. The court, then, reversed the decision of the board and remanded the case for a de novo hearing before the referee on the employer's appeal from the defendant's initial award of benefits to the plaintiff. This was improper. The referee made specific factual findings, including that staff at the appeals division had mailed the notice to the plaintiff's address of record, where he, admittedly, had received all previous notices, that the plaintiff had received the mailed notice, and that he may have thrown it away, inadvertently, thinking it was junk mail. The board adopted those factual findings, concluding that they were supported by the evidence, and that the referee's ultimate finding—that the plaintiff had failed to establish good cause to open her decision and to rehear the case—was consistent with those factual findings. The plaintiff did not file a motion to correct those factual findings or the board's ultimate finding. The Superior Court, therefore, was bound by the factual findings and was called on to assess only whether the board's ultimate finding, namely, whether the plaintiff had failed to establish good cause, was reasonable and logical in light of the factual findings.

Our Supreme Court's holding in *JSF Promotions, Inc.*, is clear that, in the absence of a Practice Book § 22-4 motion to correct, the Superior Court is *bound by* the factual findings of the board. *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 422 (in absence of motion to correct findings, "board's factual findings are not subject to further review by . . . the trial court"). Nevertheless, in the present case, the Superior Court, instead of accepting the referee's factual findings, considered who attended the hearing on the motion to open and concluded that there was no one in attendance at the hearing who was competent to testify that notice properly had been mailed to the plaintiff and that the referee's factual finding had no basis in evidence. We conclude that this was beyond the court's permitted scope of review.

Furthermore, notwithstanding the Supreme Court's holding in *JSF Promotions, Inc.*, and the many appellate level cases to have discussed this issue, we also have reviewed the evidence in this case, and we conclude that there was evidence to support the referee's factual findings that notice properly had been mailed to the plaintiff at his address of record and that he received such notice.

General Statutes § 31-244a provides: "The conduct of hearings and appeals, including notice thereof, shall be

in accordance with rules of procedure prescribed by the board in regulations adopted pursuant to section 31-237g.[7] No formal pleadings shall be required beyond such notices as the board provides for by its rules of procedure. *The referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure.* They shall make inquiry in such manner, through oral testimony and *written, electronic and printed records*, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of this chapter. A record shall be prepared of all testimony and proceedings at any hearing before a referee and before the board but need not be transcribed unless an appeal is taken from the referee's or board's decision, as the case may be." (Emphasis added; footnote added.)

Section 31-237g-30 of the Regulations of Connecticut State Agencies provides in relevant part: "(a) The Referee shall hear the case de novo, and shall not be bound by the previous decision of the administrator. The Referee shall conduct and control the hearing informally and shall not be bound by the ordinary common law or statutory rules of evidence or procedure. The Referee shall make inquiry in such manner, through oral testimony and written and printed records, and take any action consistent with the impartial discharge of his duties, as is best calculated to ascertain the relevant facts and the substantial rights of the parties, furnish a fair and expeditious hearing, and render a proper and complete decision. . . .

"(c) The hearing shall be confined to the issues which the notice of hearing issued pursuant to Section 31-237g-17 (e) of these regulations indicates may be covered at the hearing. The hearing may also cover, at the discretion of the Referee, any separate issue which the parties are prepared and willing to go forward on and on which they expressly waive right to notice of. . . .

"(e) *The relevant Administrator's documents in the file record shall be considered as evidence by the Referee subject to the right of any party to object to the introduction of such documents or any part of such documents.* . . ." (Emphasis added.)

In the present case, in accordance with the relevant regulations cited, the "notice of hearing before a referee" was evidence sufficient to demonstrate that the defendant properly mailed to the plaintiff, at his address of record, notice of the January 16, 2018 appeals hearing. There was no need for the testimony of the person who had mailed the document because no one had objected to the referee's consideration of the documents in the file. As a matter of fact, the plaintiff has never contested whether the notice properly had been mailed; he has contested only his receipt of it. Once this evidence was considered, and the plaintiff failed to rebut it, instead admitting that he may have received

the notice and then discarded it, inadvertently, thinking it was junk mail, the referee certainly had the authority to make the factual findings that staff of the appeals division had mailed the notice to the plaintiff and that the plaintiff had received the notice. Thereafter, the board acted properly in accepting those findings and affirming the referee's decision.

The judgment is reversed and the case is remanded with direction to render judgment affirming the decision of the board.

In this opinion the other judges concurred.

[1] Also named as defendants in the Superior Court were the Board of Review of the Employment Security Appeals Division and A & E Glass, the former employer of the plaintiff.

[2] Practice Book § 22-4 provides: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the Superior Court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."

[3] Under the mailbox rule, "a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it will be received." *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 418, 880 A.2d 882 (2005).

[4] Section 31-237g-26 of the Regulations of Connecticut State Agencies provides in relevant part: "(c) If the appealing party appears at a scheduled hearing, but any non-appealing party fails to appear, the Referee shall proceed with the hearing and take the testimony, evidence, and argument put forward by those present, consider the documentary record established by the Administrator and thereafter issue a decision on the merits of the appeal provided that the Referee may reschedule the hearing if the Referee determines that good cause exists for doing so. . . .

"(g) For purposes of this section, good cause shall include such factors listed in Section 31-237g-15 (b) of these regulations as may be relevant to a party's failure to appear."

Section 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides in relevant part: "[T]he Referee shall consider all relevant factors, including but not limited to:

"(i) The extent to which the party has demonstrated diligence in its previous dealings with Administrator and the Employment Security Appeals Division;

"(ii) Whether the party was represented;

"(iii) The degree of the party's familiarity with the procedures of the Appeals Division;

"(iv) Whether the party received timely and adequate notice of the need to act;

"(v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities;

"(vi) Factors outside the control of the party which prevented a timely action;

"(vii) The party's physical or mental impairment;

"(viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed:

"(ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely;

"(x) Coercion or intimidation which prevented the party from promptly filing its appeal.

"(xi) Good faith error, provided that in determining whether good faith error constitutes good cause the Referee shall consider the extent of preju-

dice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence.''

[5] Section 31-237g-35 of the Regulations of Connecticut State Agencies provides in relevant part: "(a) The Referee may, within the time limits set forth in Section 31-237g-34 above, reopen, vacate, set aside or modify a decision on an appeal if the Referee determines, for good cause shown, that new evidence or the ends of justice so require. . . .

"(c) No hearing shall be held upon such motions unless the Referee determines that good cause exists for such a hearing, except that no such motion shall be dismissed as untimely without a hearing if the motion recites a reason for the untimely filing that would constitute good cause pursuant to Section 31-237g-15 of these regulations. The Referee shall, with reasonable promptness, review each such motion and issue a written decision thereon. The Referee's decision on any such motions shall be prepared and delivered in accordance with Section 31-237g-13 (a) of these regulations and shall include a statement as to the reasons for the decision. In any case wherein a further hearing is not scheduled as a consequence of a Referee's decision reopening, vacating, setting aside or modifying a Referee's decision, the Referee shall provide all non-moving parties to such case with (1) a copy of such motion, together with all supplemental documentation filed in support of such motion, and (2) a reasonable opportunity to file a written response to such motion prior to the Referee's issuance of a new decision in the case.

"(d) The Referee may deny any such motion based upon the allegations of new evidence if the Referee determines that the new evidence is unnecessarily duplicative or is not likely to affect the result in the case, or that the exercise of reasonable diligence by the moving party would have resulted in the presentation of such evidence at the hearing previously scheduled and the moving party does not otherwise show good cause for such party's failure to present such evidence.

"(e) Any party aggrieved by a decision of a Referee with regard to any such motion may appeal to the Board within twenty-one calendar days of the mailing of such decision as set forth in Section 31-237g-34 (b) and (c).''

[6] Practice Book § 22-9 provides: "(a) Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. In addition to rendering judgment on the appeal, the court may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court, or may order final disposition. A party aggrieved by a final disposition made in compliance with an order of the Superior Court may, by the filing of an appropriate motion, request the court to review the disposition of the case.

"(b) Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence.''

[7] General Statutes § 31-237g provides: "The board shall adopt regulations, in accordance with the provisions of chapter 54, concerning the rules of procedure for the hearing and disposition of appeals under the provisions of this chapter. The board shall also undertake such investigations as it deems necessary and consistent with this chapter.''